FILED
CLERK, U.S. DISTRICT COURT
10/9/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: KMA DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMON GILBERTO RAMOS JR.,<br>aka "Gil,"<br>aka "G,"<br>aka "El Viejo G,"<br>HUMBERTO ALAN BELTRAN-BEJARANO,<br>aka "El Mexicano,"<br>JOSE BARAJAS, JR.,<br>aka "Joey,"<br>aka "Barbas,"<br>aka "Menlo,"<br>CRISTIAN GONZALEZ,<br>aka "Christian Gonzalez"<br>aka "Ocho,"<br>JOSE ALEMAN VILLEGAS,<br>JOSE PABLO ALVARADO-GASTELUM,<br>aka "Chili,"<br>JESUS ADRIAN VILLA-GOMEZ,<br>aka "Jesus Adrian Villapudua Hernandez,"<br>GEMMA GRACIELA MOLINA-HERNANDEZ, and<br>JONATHAN VEGA,<br>aka "Jonatan Vega,"<br>aka "Johnny,"<br><br>Defendants. | 2:26-cr-00083(A)-AH<br><br><u>FIRST SUPERSEDING INDICTMENT</u><br><br>[21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances; 21 U.S.C. § 848(a), (b), (s): Continuing Criminal Enterprise; 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B): Distribution of and Possession with Intent to Distribute Controlled Substances; 21 U.S.C. § 856(a)(1): Maintaining a Drug-Involved Premises; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of Drug Trafficking Crimes; 21 U.S.C. §§ 848 and 853, 18 U.S.C. § 924(d)(1), & 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing until on or about February 19, 2026, in Los Angeles and Orange Counties, within the Central District of California, in the country of Mexico, and elsewhere, defendants RAMON GILBERTO RAMOS JR., also known as ("aka") "Gil," "G," and "El Viejo G," HUMBERTO ALAN BELTRAN-BEJARANO, aka "El Mexicano," JOSE BARAJAS, JR., aka "Joey," "Barbas," and "Menlo," CRISTIAN GONZALEZ, aka "Christian Gonzalez" and "Ocho," JOSE ALEMAN VILLEGAS, JOSE PABLO ALVARADO-GASTELUM, aka "Chili," JESUS ADRIAN VILLA-GOMEZ, aka "Jesus Adrian Villapudua Hernandez," GEMMA GRACIELA MOLINA-HERNANDEZ, JONATHAN VEGA, aka "Jonatan Vega" and "Johnny," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute and possess with intent to distribute:

1. at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi);

2. at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii); and

3. at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic

drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii)(II).

B. MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant RAMOS would obtain bulk quantities of fentanyl, methamphetamine, and/or cocaine from sources of supply in Mexico for distribution.

2. Defendant RAMOS would operate stash houses across northern Mexico, including in Tecate, at which defendant RAMOS would store bulk quantities of fentanyl, methamphetamine, and/or cocaine, and from which defendant RAMOS would coordinate the unlawful importation of these controlled substances into the United States.

3. Defendant RAMOS would direct the loading of vehicles at stash houses in Mexico for purposes of carrying fentanyl, methamphetamine, and/or cocaine across the border between the United States and Mexico.

4. Defendant RAMOS would corrupt United States Customs and Border Protection ("CBP") officers for purposes of facilitating the entry of drug-laden vehicles from Mexico into the United States by paying or offering to pay CBP officers approximately $15,000 to $20,000 for each drug-laden vehicle that crossed the border without inspection.

5. Defendant RAMOS would possess firearms to protect his drug trafficking operation in Mexico and the proceeds from drug sales made by others in his drug trafficking network.

6. Defendant BELTRAN-BEJARANO and others would oversee and coordinate the transportation of fentanyl, methamphetamine, and/or

cocaine from the border between the United States and Mexico to drug stash houses in California, including to drug stash houses in the Central District of California.

7. Defendant BELTRAN-BEJARANO would, at defendant RAMOS's direction, oversee and operate drug stash houses across the Central District of California, and would coordinate the sale of fentanyl, methamphetamine, and/or cocaine.

8. Defendant BARAJAS and others would operate a drug stash house, at defendant RAMOS's direction, at a residence in Los Angeles, California ("Stash House 1"), from which defendants BARAJAS, GONZALEZ, and others would package and sell bulk quantities of fentanyl, methamphetamine, and/or cocaine.

9. Defendants BELTRAN-BEJARANO, BARAJAS, and others would collect and store drug proceeds derived from the sale of fentanyl, methamphetamine, and/or cocaine at Stash House 1.

10. Defendant VILLEGAS and others would operate a drug stash house, at defendant RAMOS's direction, at a hookah lounge in Anaheim, California ("Stash House 2"), from which defendants BELTRAN-BEJARANO, VILLEGAS, and others would package and sell bulk quantities of fentanyl, methamphetamine, and/or cocaine.

11. Defendants BELTRAN-BEJARANO, VILLEGAS, and others would collect and store drug proceeds derived from the sale of fentanyl, methamphetamine, and/or cocaine at Stash House 2 and elsewhere.

12. Defendants ALVARADO-GASTELUM, VILLA-GOMEZ, MOLINA-HERNANDEZ, and others would operate a drug stash house, at defendant RAMOS's direction, at an apartment in Los Angeles, California ("Stash House 3"), from which defendants ALVARADO-GASTELUM, VILLA-GOMEZ, and

MOLINA-HERNANDEZ would package and sell bulk quantities of fentanyl and methamphetamine.

13. Defendants BELTRAN-BEJARANO, ALVARADO-GASTELUM, VILLA-GOMEZ, MOLINA-HERNANDEZ, and others would collect and store drug proceeds derived from the sale of fentanyl, methamphetamine, and/or cocaine at Stash House 3 and elsewhere.

14. Defendants ALVARADO-GASTELUM, VILLA-GOMEZ, and MOLINA-HERNANDEZ would possess firearms and ammunition at Stash House 3 to protect their drug trafficking business and the proceeds of drug sales.

15. Defendants VEGA and GONZALEZ would distribute fentanyl supplied by defendant RAMOS in Los Angeles County and elsewhere.

16. Defendants VEGA and GONZALEZ would collect and transport drug proceeds derived from the sale of fentanyl.

17. Through this conspiracy, defendants transported and sold, approximately, millions of dollars' worth of controlled substances, including fentanyl, methamphetamine, and cocaine, each month.

COUNT TWO

[21 U.S.C. § 848(a), (b), (s)]

[DEFENDANT RAMOS]

Beginning on a date unknown to the Grand Jury, and continuing until on or about February 19, 2026, in Los Angeles and Orange Counties, within the Central District of California, in the country of Mexico, and elsewhere, defendant RAMON GILBERTO RAMOS JR., also known as “Gil,” “G,” and “El Viejo G,” and others known and unknown to the Grand Jury, engaged in a continuing criminal enterprise in that defendant RAMOS knowingly and intentionally violated Title 21, United States Code, Sections 841(a)(1) and 846, by committing violations, including, but not limited to, the felony violations alleged in Counts One, Five, Six, Seven, Eight, and Nine of this Indictment, which Counts are realleged and incorporated herein by reference as if fully set forth in this Count, all of which violations were part of a continuing series of felony violations of subchapters I and II of Title 21 of the United States Code, undertaken by defendant RAMOS in concert with at least five other persons with respect to whom defendant RAMOS occupied a position of organizer, supervisor, and manager, and from which continuing series of violations defendant RAMOS obtained substantial income and resources.

//

//

//

Furthermore, defendant RAMOS was a principal administrator, organizer, and leader of the criminal enterprise, which involved the possession with intent to distribute and distribution of at least 12 kilograms of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, and at least one kilogram of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2]

[DEFENDANTS GONZALEZ and VEGA]

On or about July 26, 2023, in Los Angeles County, within the Central District of California, defendants CRISTIAN GONZALEZ, also known as ("aka") "Christian Gonzalez" and "Ocho," and JONATHAN VEGA, aka "Jonatan Vega" and "Johnny," each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 539 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2]

[DEFENDANTS GONZALEZ and VEGA]

On or about July 26, 2023, in Los Angeles County, within the Central District of California, defendants CRISTIAN GONZALEZ, also known as ("aka") "Christian Gonzalez" and "Ocho," and JONATHAN VEGA, aka "Jonatan Vega" and "Johnny," each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 532 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2]

[DEFENDANTS RAMOS, BELTRAN-BEJARANO, BARAJAS, and GONZALEZ]

On or about September 19, 2023, in Los Angeles County, within the Central District of California, defendants RAMON GILBERTO RAMOS JR., also known as ("aka") "Gil," "G," and "El Viejo G," HUMBERTO ALAN BELTRAN-BEJARANO, aka "El Mexicano," JOSE BARAJAS, Jr., aka "Joey," "Barbas," and "Menlo," and CRISTIAN GONZALEZ, aka "Christian Gonzalez" and "Ocho," each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 93.31 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. § 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2]

[DEFENDANTS RAMOS, BELTRAN-BEJARANO, and VILLEGAS]

On or about February 9, 2024, in Orange County, within the Central District of California, defendants RAMON GILBERTO RAMOS JR., also known as ("aka") "Gil," "G," and "El Viejo G," HUMBERTO ALAN BELTRAN-BEJARANO, aka "El Mexicano," and JOSE ALEMAN VILLEGAS, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 683.5 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2]

[DEFENDANTS RAMOS, BELTRAN-BEJARANO, and VILLEGAS]

On or about February 9, 2024, in Orange County, within the Central District of California, defendants RAMON GILBERTO RAMOS JR., also known as ("aka") "Gil," "G," and "El Viejo G," HUMBERTO ALAN BELTRAN-BEJARANO, aka "El Mexicano," and JOSE ALEMAN VILLEGAS, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 62.01 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. § 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2]

[DEFENDANTS RAMOS, BELTRAN-BEJARANO, ALVARADO-GASTELUM, VILLA-GOMEZ, and MOLINA-HERNANDEZ]

On or about May 14, 2024, in Los Angeles County, within the Central District of California, defendants RAMON GILBERTO RAMOS JR., also known as ("aka") "Gil," "G," and "El Viejo G," HUMBERTO ALAN BELTRAN-BEJARANO, aka "El Mexicano," JOSE PABLO ALVARADO-GASTELUM, aka "Chili," JESUS ADRIAN VILLA-GOMEZ, aka "Jesus Adrian Villapudua Hernandez," and GEMMA GRACIELA MOLINA-HERNANDEZ, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 47.37 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II); 18 U.S.C. § 2]

[DEFENDANTS RAMOS, BELTRAN-BEJARANO, ALVARADO-GASTELUM, VILLA-GOMEZ, and MOLINA-HERNANDEZ]

On or about May 14, 2024, in Los Angeles County, within the Central District of California, defendants RAMON GILBERTO RAMOS JR., also known as ("aka") "Gil," "G," and "El Viejo G," HUMBERTO ALAN BELTRAN-BEJARANO, aka "El Mexicano," JOSE PABLO ALVARADO-GASTELUM, aka "Chili," JESUS ADRIAN VILLA-GOMEZ, aka "Jesus Adrian Villapudua Hernandez," and GEMMA GRACIELA MOLINA-HERNANDEZ, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 2.09 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT TEN

[21 U.S.C. § 856(a)(1); 18 U.S.C. § 2]

[DEFENDANTS RAMOS, BELTRAN-BEJARANO, ALVARADO-GASTELUM, VILLA-GOMEZ, and MOLINA-HERNANDEZ]

Beginning on a date unknown and continuing through on or about May 14, 2024, in Los Angeles County, within the Central District of California, defendants RAMON GILBERTO RAMOS JR., also known as ("aka") "Gil," "G," and "El Viejo G," HUMBERTO ALAN BELTRAN-BEJARANO, aka "El Mexicano," JOSE PABLO ALVARADO-GASTELUM, aka "Chili," JESUS ADRIAN VILLA-GOMEZ, aka "Jesus Adrian Villapudua Hernandez," and GEMMA GRACIELA MOLINA-HERNANDEZ, each aiding and abetting the others, knowingly leased, rented, used, and maintained a place, that is, a residence located on S. Olive Street in Los Angeles, California, in an apartment numbered 246, for the purpose of distributing controlled substances, namely N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, and cocaine, a Schedule II narcotic drug controlled substance.

COUNT ELEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANTS ALVARADO-GASTELUM, VILLA-GOMEZ, and MOLINA-HERNANDEZ]

On or about May 14, 2024, in Los Angeles County, within the Central District of California, defendants JOSE PABLO ALVARADO-GASTELUM, aka "Chili," JESUS ADRIAN VILLA-GOMEZ, aka "Jesus Adrian Villapudua Hernandez," and GEMMA GRACIELA MOLINA-HERNANDEZ, each aiding and abetting the others, knowingly possessed a firearm, namely, a BCM Rifle Company model 4 ("BCM4") multi-caliber semiautomatic rifle, bearing serial number A026807, in furtherance of drug trafficking crimes, namely, Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count Eight of this Indictment, and Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii)(II), as charged in Count Nine of this Indictment.

SENTENCING ALLEGATION

[21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT VEGA]

Defendant JONATHAN VEGA, prior to committing the offenses alleged in Counts One, Three, and Four of this Indictment, had been finally convicted of the following serious drug felony as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 960, namely:

1. Conspiracy to Distribute Cocaine, in violation of Title 21, United States Code, Sections 846 and 841, in the United States District Court for the Southern District of California, Case Number 3:15-cr-03144-DMS-6, on or about September 1, 2017, for which defendant VEGA served a term of imprisonment of more than 12 months. Defendant VEGA was released from a term of imprisonment for that offense within 15 years of the commencement of the offense alleged in Counts One, Three, and Four of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One and Three through Ten of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. §§ 848(a), 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 848(a) and 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Count Eleven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, Transnational Organized Crime Section

DECLAN T. CONROY
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section

MATTHEW TAKO
Assistant United States Attorney
Transnational Organized Crime Section